IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARCO ANTONIO DIAZ-TORRES,

      Plaintiff,

vs.                                                                              No. CIV 14-0902 JB/KK

WARDEN MS. CHAPA, LA TUNA FACILITY,
FNU ZEDILLO, UNIT MANAGER,
MEDICAL DIRECTOR: ALLTENBERGH,
DOCTOR: JOSE ENRIQUES,
CONTRACTOR SPECIALIST DOCTOR
LLAMA, JOHN DOES, NURSES,
PHYSICIAN ASSISTANTS, TECHS,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court under 28 U.S.C. §§ 1391(b), 1406(a), and 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on the Prisoner's Civil Rights Complaint, October 3, 2014 (Doc. 1)("Complaint"). Diaz-Torres was incarcerated when he filed his Complaint, and he appears pro se and is proceeding in forma pauperis. He asserts that the Court has jurisdiction over the Complaint under 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), as well as the "'Fed Tort Claim Act' if applicable." For reasons set out below, the Court will transfer Diaz-Torres' Complaint, and case, to the United States District Court for the Western District of Texas.

      The Court has the discretion to dismiss an in forma pauperis complaint sua sponte under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint sua sponte under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on

the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)).  Under 28 U.S.C. §§ 1915, 1406(a), and 1631, the Court has the discretion to dismiss or transfer an inmate complaint sua sponte for improper venue. See Trujillo v. Williams, 465 F.3d 1210, 1217, 1222 (10th Cir. 2006); Taylor v. Tulsa Welding School, No. 14-5093, slip op. at 4, 9 (10th Cir. Mar. 17, 2015); Guy v. U.S. Dep't of Defense, No. CIV 12-1520 UNA, slip op. (D.D.C. Oct. 26, 2012).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In reviewing the Complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Complaint alleges that, during the time of Diaz-Torres' incarceration at FCI La Tuna, officials transported him to an outside private clinic to undergo eye surgery.  While he was recovering at La Tuna, certain Defendants caused him to be transferred to another federal facility in Big Springs, Texas.  Diaz-Torres alleges that these Defendants effected his transfer before he had adequately recovered, and failed to forward his medical records and treatment information.  He asserts that the Defendants' actions reflect their deliberate indifference to his serious medical condition and caused him to lose his right eye.  The Complaint seeks damages and certain equitable relief.

As the Court has noted above, when Diaz-Torres filed the Complaint, he was confined at FCI La Tuna, which is located within the boundaries of the Western District of Texas. See http://www.bop.gov/locations/institutions/lat/ (last visited Mar. 16, 2015); United States v. Cleto, 956 F.2d 83, 84 (5th Cir. 1992)(per curiam)(noting that FCI La Tuna's location in the Western

District of Texas).   Furthermore, the Complaint does not allege that any Defendant resides in the District of New Mexico or that any of the alleged events occurred in this District.   Venue of this action, therefore, is improper in this District.   See 28 U.S.C. § 1391(b).   See also Taylor v. Tulsa Welding Sch., No. 14-5093, slip op. at 3 n.3, 8 (10th Cir. Mar. 17, 2015) (affirming finding of improper venue "for the alleged § 1983 violations occurring outside of the [district]"); Flanagan v. Shively, 783 F. Supp. 922, 935 (M.D. Pa. 1992), aff'd, 980 F.2d 722 (3d Cir. 1992); Robinson v. Love, 155 F.R.D. 535, 536 n.1 (E.D. Pa. 1994).   Under these circumstances, the Court can transfer the Complaint to the United States District Court for the Western District of Texas under 28 U.S.C. § 1406(a), see Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1520-21 (10th Cir. 1991), or dismiss the Complaint without prejudice, see Taylor v. Tulsa Welding School, slip op. at 4, 9; Brown v. California Dep't of Corr., No. CIV 03-2526 CRB/PR, 2003 WL 21321362, at *1 (N.D. Cal. June 4, 2003); Robinson v. Love, 155 F.R.D. at 536 n.1.

The Court must consider "the interest of justice," 28 U.S.C. §§ 1406(a), 1631, in deciding whether to transfer or dismiss a complaint.   The United States Court of Appeals for the Tenth Circuit has noted several factors that the Court must weigh before making this decision.   See Trujillo v. Williams, 465 F.3d 1223 n.16.   The first of these factors is whether a new complaint on Diaz-Torres' claims filed in the proper venue would be time barred at this point.   See Haugh v. Booker, 210 F.3d 1147, 1150 (10th Cir. 2000).   It appears in attachments to the Complaint that Diaz-Torres' treatment began in 2012, and he was transferred to Big Springs in 2013.   The Court finds that this factor weighs in favor of transfer to avoid a possible limitations bar of Diaz-Torres' claims.

Another factor is whether Diaz-Torres' claims against the non-resident defendants "are likely to have merit."   Trujillo v. Williams, 465 F.3d at 1223 n.16; Haugh v. Booker, 210 F.3d at

1150 n.4.  Diaz-Torres alleges that the Texas Defendants, by their deliberate indifference to his serious medical condition, caused him to lose his right eye.  The Court expresses no opinion as to the ultimate disposition of Diaz-Torres's claims, but his allegations survive scrutiny under § 1915(e)(2) and rule 12(b)(6).

A third factor is whether Diaz-Torres filed the Complaint against the Texas Defendants in good faith.  See Trujillo v. Williams, 465 F.3d at 1223 n.16; Trierweiler v. Croxton & Trench Holding Co., 90 F.3d 1523, 1544 (10th Cir. 1996).  Notwithstanding his misunderstanding of venue rules, nothing in the Complaint indicates that Diaz-Torres lacked good faith in filing his claims in this Court.  The Court notes that more than one United States District Court has transferred to this District claims arising from events at FCI La Tuna.  See, e.g., Springer v. United States, No. CIV 14-0655 KG/CEG Doc. 3 (D.N.M. July 17, 2014).  The Trujillo v. Williams factors weigh in favor of transferring rather than dismissing the Complaint.  Therefore, in the interest of justice, see 28 U.S.C. §§ 1406(a), 1631, the Court will order that this action be transferred to the United States District Court for the Western District of Texas.

**IT IS ORDERED** that the Clerk is directed to transfer this action to the United States District Court for the Western District of Texas, El Paso Division.

_____
UNITED STATES DISTRICT JUDGE

*Party:*

Marco Antonio Diaz-Torres
Rio Rico, Arizona

*Plaintiff pro se*